IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

                                                   No. CR 24-0241 KWR

AARON KARL CLARK,

    Defendant.

# ORDER

The Court having considered Defendant's Unopposed Motion to Continue Trial and Request for a Firm Trial Setting (Doc. 45), being fully advised in the premises and in light of the holding in *United States v. Toombs*, 574 F.3d 1262 (2009), finds that insufficient grounds have been established to vacate the established deadline for pretrial motions and continue the current trial date of March 3, 2025.

Defendant's motion fails to set forth reasons that would support a finding by this Court that "the ends of justice served by the granting of such a continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id*. at 1268. Specifically, Defendant failed to explain (1) how the failure to grant a continuance would likely render trial impossible or result in a miscarriage of justice; (2) how the unusual nature of the case or its complexities would make it unreasonable to expect adequate preparation for pretrial or trial proceedings within the time limits established by the Speedy Trial Act; or (3) how the failure to grant such a continuance would deny counsel for defendant reasonable time necessary for effective preparation, taking into account due diligence. *See id.* at 1268-69.

Although Defendant's Motion to Continue and Deadlines is unopposed, it is "the responsibility of not only the district court, but also the government, to protect the interests of the public by ensuring adherence to the requirements of the Speedy Trial Act." *Id*. At 1273. Thus, the government's failure to object to the motion to continue or to inquire into the necessity of a continuance leaves this Court without a basis to make adequate findings to support granting a further continuance of the trial date in this matter. *See id*. at 1273-74.

Defendant asserts that a continuance is necessary because (1) defense counsel has other trials in March; (2) additional time is necessary for counsel to meet with Mr. Clark, and (3) additional time is needed to allow defense counsel to confer with the Government for resolution of the matter. Defendants' motion is insufficient as it is (1) conclusory and (2) fails to explain why the events in question merits a continuance and why the length of the requested continuance is justified. The record must "contain an explanation of why the mere occurrence of the event identified by the party as necessitating the continuance results in the need for additional time" to justify an ends-of-justice continuance. *Toombs*, 574 F.3d at 1271. A district court must deny motions to continue under ends-of-justice provisions where the record contains "only short, conclusory statements lacking in detail." *Id.* "Simply identifying an event, and adding the conclusory statement that the event requires more time for counsel to prepare, is not enough." *Id.* at 1271–72. Here, although Defendant identified several events he believes merits a continuance, he did not provide factual detail supporting those events to justify a continuance. The motion to continue is therefore denied.

Defendant is granted leave to amend the Motion to Continue Trial and Deadlines in order to provide this Court with a factual basis on which to grant a continuance in accordance with the mandate set forth in *Toombs*. To the extent that establishing a factual basis would require Defendant to reveal confidential trial strategy or other CJA-related matters,

Defendant is permitted to file the amended Motion *ex parte* and under seal. The Court will then make a determination in consideration of the representations made by counsel and the authority in *Toombs*, keeping in mind it is well established that "[t]he ends-of-justice exception to the otherwise precise requirements of the [Speedy Trial] Act was meant to be a rarely used tool for those cases demanding more flexible treatment." *Id*. at 1269 (alterations omitted) (internal quotation marks and citated omitted).

**IT IS THERFORE ORDERED** that the Motion to Continue Trial and Deadlines (Doc. 45) is **DENIED**. Defendant is granted leave to amend the Motion in accordance with this Order.

___/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE